E-FILED
Thursday, 16 January, 2020  10:08:46 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CLIFTON ROBINSON, | ) |
| Plaintiff, | ) |
| v. | ) 19-1295 |
| DARILYNN J. KNAUSS, *et al.* | ) |
| Defendants. | ) |

## **MERIT REVIEW ORDER**

The plaintiff, proceeding *pro se*, and currently incarcerated at Federal Correctional Institution at Milan, Michigan, filed this lawsuit alleging several issues related to his underlying criminal conviction. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges in his complaint that Defendant Knauss, the prosecutor in his underlying criminal case, never established jurisdiction in the Central District of Illinois for alleged crimes for

which he was later convicted. Plaintiff also alleges that his convictions were based upon perjured witness testimony.

Plaintiff's allegations, if true, would necessarily imply the invalidity of his underlying convictions. Plaintiff cannot bring a claim for damages under 42 U.S.C. § 1983, or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994); *Figueroa v. U.S.*, 596 F. App'x 513, 514-15 (7th Cir. 2015) (*Heck* applies to actions brought by federal prisoners under *Bivens*). Accordingly, as Plaintiff has not successfully challenged his underlying convictions via a habeas corpus proceeding, his claims are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

Defendant Knauss also has absolute immunity for actions she undertook in her capacity as a prosecutor, even including malicious prosecution unsupported by probable cause. *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017). No plausible inference arises that Defendant Knauss' conduct exceeded her prosecutorial role.

**It is therefore ordered:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

3) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R.**

**App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 16th day of January, 2020.

s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE